**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 24-4417**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JASON TRADOR,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:23-cr-00117-1)

─────────

Submitted:  July 24, 2025                    Decided:  August 15, 2025

─────────

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:**  Abraham J. Saad, GLAZER SAAD ANDERSON L.C., Huntington, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Andrew J. Tessman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jason Trador of knowingly making materially false statements to federal agents, in violation of 18 U.S.C. § 1001(a)(2) (Count 1); knowingly making false statements to influence the action of the United States Department of Housing and Urban Development ("HUD"), in violation of 18 U.S.C. § 1010 (Counts 2-4); and willfully overvaluing property in a Federal Housing Administration ("FHA") loan application, in violation of 18 U.S.C. § 1014 (Count 5). Trador appeals, challenging the sufficiency of the evidence to support his convictions on all five counts. Trador also argues that he received ineffective assistance of counsel. We affirm.

We review de novo the denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022). But if a defendant did not file a Rule 29 motion in the district court, we review the sufficiency of the evidence for plain error. *United States v. Everett*, 91 F.4th 698, 711 (4th Cir.), *cert. denied*, 145 S. Ct. 242 (2024); *United States v. Wallace*, 515 F.3d 327, 332 (4th Cir. 2008) (same). "When a defendant raises specific grounds in a Rule 29 motion, grounds that are *not* specifically raised are waived on appeal unless a manifest miscarriage of justice has occurred." *United States v. Duroseau*, 26 F.4th 674, 678 (4th Cir. 2022) (citation modified). Because Trador's Rule 29 motion did not challenge the sufficiency of the evidence on his counts of convictions, we review his sufficiency of the evidence claim for plain error. *Duroseau*, 26 F.4th at 678 n.2.

"In order for [Trador] to prove that the jury's decision [to convict him] constituted plain error, (1) there must be an error; (2) the error must be plain, meaning obvious or clear

2

under current law; and (3) the error must affect substantial rights." *Wallace*, 515 F.3d at 332. But we will notice the error only if a miscarriage of justice would result, "mean[ing] that the defendant is actually innocent" or that, "if the actual guilt or innocence of a defendant is not involved, then [for] . . . error[s] [that] seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified). A jury's decision to convict is error when the verdict is not supported by substantial evidence. *Id.* at 333.

"Substantial evidence is [evidence] that . . . a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Robinson*, 55 F.4th at 401 (citation modified); *see United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (same). "A defendant who challenges the sufficiency of the evidence bears a heavy burden" because "reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Freitekh*, 114 F.4th 292, 308 (4th Cir. 2024) (citation modified). In addition, "the jury, not the reviewing court, weighs credibility and resolves conflicts in the evidence; and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023) (citation modified).

Trador first argues that he never made a false statement to federal agents, as charged in Count 1. To convict Trador of violating § 1001(a)(2), the Government had to prove

> that (1) [Trador] made a false statement to a governmental agency or
> concealed a fact from it or used a false document knowing it to be false;

3

(2) [Trador] acted knowingly or willfully; and (3) the false statement or concealed fact was material to a matter within the jurisdiction of the agency.

*Freitekh*, 114 F.4th at 310 (citation modified).  The Government's evidence showed that Trador told federal agents the bank statements in his FHA loan application file were false but he denied altering them, instead accusing his coworkers of altering the bank statements. And Trador signed a handwritten statement attesting that he never altered or forged a loan document.  The Government, as discussed below, demonstrated how Trador altered his bank statements, and testimony from the mortgage lender's employees confirmed that Trador had given them the altered documents.  Substantial evidence thus supports the jury's verdict for Count 1.

As to Counts 2 through 4, the Government needed to prove "three elements: the making of a false statement in the application, knowing it to be false, for the purpose of obtaining a loan from the lending institution and influencing the FHA."  *United States v. Leach*, 427 F.2d 1107, 1111 (1st Cir. 1970); *see* 18 U.S.C. § 1010; *United States v. Ellis*, 50 F.3d 419, 426 (7th Cir. 1995) (stating elements of offense).  The Government established that the metadata for one of the bank statements that Trador submitted for his FHA loan showed that he was the last person to alter the document and that he had altered the document before submitting it to the mortgage lender.  And a subpoenaed bank statement showed that the bank statement that Trador submitted reflected a significantly higher account balance than was actually in his account.  The Government also verified that Trador submitted two other bank statements that he had altered to show inflated

account balances. We therefore conclude that a reasonable jury could accept the Government's evidence as sufficient to convict Trador for Counts 2 through 4.

As for Count 5, "to establish a violation of § 1014, the Government must prove that (1) the defendant made a false statement; (2) the defendant acted knowingly; and (3) the false statement was made for the purpose of influencing action on the loan." *United States v. Colon-Rodriguez*, 696 F.3d 102, 105 (1st Cir. 2012) (citation modified). The trial evidence showed that, in Trador's FHA loan application, he listed inflated bank account balances to prove he had sufficient assets to close on the loan. Trador reviewed and signed the loan application, attesting that the statements in the application were accurate. Trador's only defense was that his coworkers modified the bank statements to inflate his assets. But the jury rejected that defense, and the jury—not this court—resolves conflicts in the evidence and decides how the evidence should be interpreted. *See Wysinger*, 64 F.4th at 211.

Finally, Trador claims his counsel provided ineffective assistance. We review an ineffective assistance of counsel claim de novo but will only address that claim on direct appeal if "an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Otherwise, an ineffective assistance of counsel claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508. After reviewing the record, we conclude that ineffective assistance of counsel does not conclusively appear on the face of the present record.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*